UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MATTHEW SCHERTZ
620 Knollwood Drive
Hudson, Wisconsin 54016

       Plaintiff,                          Case No.: 20-cv-912

      v.                                   **JURY TRIAL DEMANDED**

EVAPORATOR DRYER TECHNOLOGIES, INC.
1805 Ridgeway Street
Hammond, Wisconsin 54015

       Defendant

---

## COMPLAINT

---

COMES NOW Plaintiff, Matthew Schertz, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.    This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Western District of Wisconsin and the

unlawful employment practices of which Plaintiff complains occurred within the Western District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Matthew Schertz, is an adult male resident of the State of Wisconsin with a post office address of 620 Knollwood Drive, Hudson, Wisconsin 54016.

5. Defendant, Evaporator Dryer Technologies, Inc., was, at all material times herein, a commercial entity doing business in the State of Wisconsin with a principal address of 1805 Ridgeway Street, Hammond, Wisconsin 54015.

6. Defendant is an engineering company that provides design and engineering services.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Defendant Singh was an "employer" as that term is defined under the FLSA and/or the WWPCL.

13. During Plaintiff's employment with Defendant, Defendant established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work for Defendant, on its behalf, and/or at its direction.

14. During Plaintiff's employment with Defendant, Defendant controlled the terms and conditions of Plaintiff's employment.

15. During Plaintiff's employment with Defendant, Defendant established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

16. During Plaintiff's employment with Defendant, Defendant established Plaintiff's compensation methods, rates, and structure.

17. During Plaintiff's employment with Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

18. In approximately November 2016, Defendant hired Plaintiff into the position of Project Manager primarily working at Defendant's Hammond, Wisconsin location, located at 1805 Ridgeway Street, Hammond, Wisconsin 54015.

19. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a salaried basis for any and all hours worked and work performed on its behalf, with its knowledge, at its direction, and/or for its benefit.

20. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a bi-weekly basis via check for hours worked and work performed.

21. During Plaintiff's employment with Defendant, Plaintiff was an exempt employee for purposes of the FLSA and WWPCL.

22. During Plaintiff's employment with Defendant, Defendant established workweek for FLSA and/or WWPCL purposes was Saturday through Friday.

23. During Plaintiff's employment with Defendant and during the year 2020, Defendant compensated Plaintiff with a normal and customary bi-weekly salary of approximately $4,692.31 for hours worked and work performed each pay period.

24. During Plaintiff's employment with Defendant and during the year 2020, Defendant agreed to compensate Plaintiff with a normal and customary bi-weekly salary of approximately $4,692.31, or approximately $2,346.15 per a standard forty (40) hour workweek, for hours worked and work performed each workweek and each pay period.

25. On or about September 18, 2020 was Plaintiff's last day of actual work for Defendant.

26. During Plaintiff's employment with Defendant and during the workweek of approximately September 12, 2020 to September 18, 2020, Plaintiff performed approximately 34.00 hours of work with Defendant's knowledge, at Defendant's direction, for Defendant's benefit, and/or on Defendant's behalf.

27. During Plaintiff's employment with Defendant and during the workweek of approximately September 12, 2020 to September 18, 2020, Defendant did not compensate Plaintiff for any hours worked or work performed.

28. During Plaintiff's employment with Defendant and during the workweek of approximately September 12, 2020 to September 18, 2020, Defendant suffered or permitted Plaintiff to work without compensating Plaintiff for any hours worked or work performed.

29. During Plaintiff's employment with Defendant and during the workweek of approximately September 12, 2020 to September 18, 2020, Defendant suffered or permitted Plaintiff to work without compensating Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked or work performed.

30. During Plaintiff's employment with Defendant and during the workweek of approximately September 12, 2020 to September 18, 2020, Defendant suffered or permitted Plaintiff to work without compensating Plaintiff with his regular, customary, and agreed-upon salary for hours worked or work performed.

31. During Plaintiff's employment with Defendant and during the workweek of approximately September 12, 2020 to September 18, 2020, Defendant suffered or permitted Plaintiff to work without compensating Plaintiff with earned compensation totaling approximately $1,994.23.

32. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating him for all hours worked each workweek, including but not limited to for any and all hours worked during the workweek of approximately September 12, 2020 to September 18, 2020.

33. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted him to work) in a workweek in accordance with the FLSA and WWPCL.

34. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

35. Defendant owes Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendant for which Plaintiff was not properly and lawfully compensated, in a total amount of approximately $1,994.23, plus an equal amount for liquidated damages.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS
## (MINIMUM WAGE)

36. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

37. Section 206(a)(1) of the FLSA regulates, among other things, the payment of a minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

38. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

39. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked during the workweek of approximately September 12, 2020 to September 18, 2020.

40. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed at a minimum rate of pay during his employment with Defendant was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in

failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

41.   As a result of the aforesaid willful violations of the FLSA's provisions, minimum wages have been unlawfully withheld from Plaintiff by Defendant.

42.   Plaintiff is entitled to damages equal to the minimum wages due and owing to his within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendant.

43.   Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS
## (MINIMUM WAGES)

44.   Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

45.   At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

46.   At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

47.   At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

48. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including but not limited to minimum wages at an hourly rate of at least $7.25 for any and all hours worked during the workweek of approximately September 12, 2020 to September 18, 2020.

49. Defendant willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with an hourly rate of at least $7.25 per hour for any and all hours worked during the workweek of approximately September 12, 2020 to September 18, 2020.

50. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

51. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

### THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
### (FAILURE TO PAY AN AGREED-UPON WAGE)

52. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

53. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

54. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

55. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

56. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities at her previously agreed-upon hourly rate of pay with Defendant.

57. During Plaintiff's employment with Defendant, Defendant willfully and intentionally failed to compensate Plaintiff for all hours worked and work performed, including but not limited to with agreed-upon wages as defined in Wis. Stat. § 109.01(3), by failing to compensate him with his regular and agreed-upon weekly salary of $2,346.15 for hours worked during the workweek of approximately September 12, 2020 to September 18, 2020.

58. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

59. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**FOURTH CAUSE OF ACTION – WWPCL VIOLATIONS**
**(UNLAWFUL DEDUCTION)**

60. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

61. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

62. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

63. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

64. At all material times herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities.

65. At all times material herein, Wis. Stat. § 103.455 was applicable to Plaintiff's employment with Defendant, which states, in relevant part: "No employer may make any deduction from the wages due or earned by any employee, who is not an independent contractor, for defective or faulty workmanship, lost or stolen property or damage to property, unless the employee authorizes the employer in writing to make that deduction…"

66. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for all hours worked and work performed during the workweek of approximately September 12, 2020 to September 18, 2020.

67. During Plaintiff's employment with Defendant and during the workweek of approximately September 12, 2020 to September 18, 2020, Defendant, in violation of Wis. Stat. § 103.455, unlawfully deducted approximately $1,994.23 from Plaintiff's previously-earned wages during this workweek. Plaintiff did not authorize the deduction, either verbally or in writing, and/or did not consent to the deduction in writing after the wages were earned and prior to the deduction.

68. As liquidated damages, Plaintiff is entitled to twice the amount of the unlawful deduction by Defendant because, in accordance with, Wis. Stat. § 103.455: "If any deduction is made or credit taken by any employer that is not in accordance with this section, the employer shall be liable for twice the amount of the deduction or credit taken in a civil action brought by the employee."

69. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, liquidated damages, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

70. Plaintiff seeks recovery of attorneys' fees and costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to minimum wages and agreed-upon wages, for pre-judgment and post-judgment interest or liquidated damages, and for all times spent performing compensable work for which Plaintiff was not properly paid by Defendant under the FLSA and WWPCL;

2. Order Defendant to make Plaintiff whole by providing reimbursement for Defendant's unlawful deduction(s), including twice the amount of the unlawful deduction, under the WWPCL;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 1st day of October, 2020

           WALCHESKE & LUZI, LLC
           Counsel for Plaintiff

           **s/ *Scott S. Luzi*** _____
           James A. Walcheske, State Bar No. 1065635
           Scott S. Luzi, State Bar No. 1067405
           Paul M. Secunda, State Bar No. 1074127

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: psecunda@walcheskeluzi.com